# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LEON CARMICHAEL, #165648, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0087-TM-MU |
| JEFFERSON DUNN, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This action is before the Court for review of Defendants who have been served in this action. Considering Defendants named in the complaint, Defendants who were CERT Team members, and Defendants who appeared, requested extensions of time, and filed their answers and special reports, the Court finds that the following persons were named as Defendants and have not been served or appeared in this action:

Officer Smith

D. Dennis

Officer Michael Harrison

Officer Mallorie Mixon

Sgt. Terry Edwards

Officer Jesse Stanford

The parties are advised that the notice of lawsuit and request for waiver of service of summons sent to Defendants Terry Edwards (Doc. 53) and to Michael Harrison (Doc. 61) have been returned to the Court with a postal notation, "Return to Sender Not

Deliverable as Addressed Unable to Forward" and "Return to Sender Unable to Forward," respectively. Inasmuch as the above listed Defendants have not appeared in this action or have not been served, and with defense counsel implying that counsel is not representing an unserved Defendant by excluding exhibits from the special report that relate to the unserved Defendants (Doc. 84 at 5 n.3), Defendants are **ORDERED** on or before **October 1, 2018** to provide the current addresses of the above listed persons, (and for those persons who are no longer employed by ADOC to provide their current addresses **only** to the Court and **under seal)**, so the Court can send the notice of lawsuit and request for waiver of service of summons to these Defendants or obtain service of process on them.

Plaintiff is advised that service of process on Nurses 1, 2, 3, 4, and on the Cubicle Officer is not being attempted due to insufficient information in the complaint identifying them. (Doc. 1 at 20, ¶¶ 10, 13). *Cf. Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992) (finding that specific information allowed for service to be attempted on the unnamed defendant - chief deputy of jail – who was the head of the jail).

Plaintiff Carmichael filed a Motion for Appointment of Counsel because he finds that his action is complex due to there being numerous Defendants and that he has needed the assistance of law clerks at Donaldson Correctional Facility because he is unskilled in the law and legal procedures and will need assistance in striking a jury. (Doc. 88). At this time all Defendants have not been served and thus have not filed their Answer and Special Report and, as a consequence, the undersigned finds that Plaintiff's Motion is premature and therefore is **DENIED**.

In an action such as this, the Court may exercise its discretion by requesting the

assistance of counsel under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999). Such requests are not mandatory except in "exceptional circumstances" where the complexity of the case or the competence of a plaintiff makes *pro se* prosecution of the claim fundamentally unfair. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Once the undersigned has had the opportunity to review all Defendants' answers and special reports filed in this action, Plaintiff may renew his motion for appointment of counsel, if he elects to do so. At this time, this action does not appear complex and Plaintiff appears capable of presenting his case. For these additional reasons, Plaintiff's motion is **DENIED.**

Plaintiff filed a "Motion to Strike Defendants Supplemental Answer in Alleging that the Defendants Named in This Complaint Are Barred by a Qualified Immunity Defense." (Doc. 89). Plaintiff claims to have filed an amended complaint in which he stated that he no longer wished to sue Defendants in their official capacity but wanted to sue them in the individual capacity. (*Id.* at 1). The Court notes that in the Supplemental Answer, certain Defendants assert that "they are immune from civil action under the shields of Qualified Immunity and Eleventh Amendment Immunity." (Doc. 83 at 1).

The Court has examined its docket but has not found an amendment to Plaintiff's complaint. To address Plaintiff's concern, he is advised that to determine the capacity in which a defendant is sued, the Court "look[s] at the complaint and the course of

3

proceedings." *Colvin v. McDougall*, 62 F.3d 1316, 1317 (11th Cir. 1995) (citing *Kentucky v. Graham*, 473 U.S. 159, 167–68 n.14 (1985)). In an individual capacity action, the qualified immunity defense is available to a defendant who is a federal or state official, but qualified immunity is not an available defense in an official capacity action. *Kentucky v. Graham*, 473 U.S. 159, 166-68 & n.14, 105 S.Ct. 3099, 3105-06 & n.14, 87 L.Ed.2d 114 (1985) (discussing available defenses and pleading of different types of capacity). Thus, Plaintiff's "Motion to Strike Defendants Supplemental Answer in Alleging that the Defendants Named in This Complaint Are Barred by a Qualified Immunity Defense" is **DENIED.**

**DONE** this 13th day of September, 2018.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**