# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEON CARMICHAEL, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION 1:17-00087-KD-MU** |
| | : | |
| **JEFFERSON DUNN,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

This order **AMENDS** and **CORRECTS** that portion of the Order (Doc. 178)[1] relating to

**Defendant ADOC Drug Treatment Counselor Mallory Mixon (Beasley)** -- to address Car-

michael's claims against her on summary judgment[2] and to correct clerical errors.  This order fur-

ther **SUA SPONTE RECONSIDERS** that portion of the Order (Doc. 178) relating to **Defendant**

**ADOC Correctional Officer/CERT Member Akeem Edmonds** and **Defendant ADOC Cor-**

**rectional Captain Darryl Fails**, to reassess Carmichael's claims against them on summary judg-

ment in light of factual errors.

In this case, Carmichael asserts 42 U.S.C. § 1983 violations (use of excessive force, failure

to protect/intervene, and denial of medical care); "state law claims of assault & battery[;]"claims

for slander and harassment; and a request for declaratory and injunctive relief.  (Doc. 1).

---

[1] The Order addressed Plaintiff's Complaint (Doc. 1), Defendants' Motions for Summary Judgment (converted from Answers/Special Reports) (Docs. 39-42, 64-65, 83-84, 86, 102-103, 116-117, 128-131 and 154-155 per Docs. 122, 123, 151, 156), Plaintiff's Response (Doc. 176); and Mixon's Answer/Special Report (Docs. 128-129).

[2] The Court inadvertently referenced Mixon as a non-party per her designation as such in Doc. 129. However, Mixon is a named defendant and thus, her summary judgment is now addressed herein.

# I.    Defendant Mixon

As detailed in Doc. 178, the parties do not dispute that any Defendant, employed as a medical provider for the State of Alabama via the ADOC, is a state actors. Accordingly, defendant Mixon, employed by the State of Alabama at the time, is immune from suit in their official capacities. See Parker v. Williams, 862 F.2d 1471, 1476 at note 4 (11th Cir. 1989), *overruled on other grounds in* Turquitt v. Jefferson Cty. Ala., 137 F.3d 1285 (11th Cir. 1998) ("[S]uits against an official in his or her official capacity are suits against the entity the individual represents[]"). Thus, the summary judgments as to **Mixon**, in her *official* capacities are **GRANTED**.

A review of Carmichael's complaint (Doc. 1) reveals no allegations or claims, whatsoever, against Mixon. Indeed, Mixon is not even a named Defendant by Carmichael. Mixon is also not a member of CERT. Apparently, Mixon was inadvertently listed by name in a request for waiver of service and summons form (Doc. 95) and as a result, was brought into this litigation and thereafter repeatedly treated as a defendant in this case. Moreover, the docket reflects that Mixon recently filed her special report as a "non-party." (Doc. 129). Mixon's status then, as a defendant in this case, appears to have been a clerical error.

Nevertheless, to the extent she could be construed as a properly named defendant in this case, the Court finds as follows. Defendant Mixon is a drug treatment counselor employed by the ADOC at Ventress Correctional Facility in Clayton, Alabama (February 2015-May 2017). (Doc. 129-1 (Aff. Mixon)). Mixon has never been assigned to any other ADOC correctional facility, has "never worked at Holman[,]" and has never worked on a CERT team. (Id.) Mixon also asserts in her special report that she was not present at Holman on November 9, 2016 and that at that time, she was at Ventress working as a drug treatment counselor. Mixon adds "I have no idea as to why my name was even involved in this. I have no knowledge of the alleged incident. I was not present

at Holman before, after or during this alleged incident." (Id.) On summary judgment, Carmichael does not assert otherwise. Notably, Carmichael does not make *any* specific allegations against Mixon (and has not). Upon consideration, there is no support for Carmichael's claims against Mixon such that summary judgment is **GRANTED** in her favor as to **all** claims (excessive force, failure to protect/intervene, denial of medical care, assault, battery, slander, harassment, declaratory relief and injunctive relief) and she is dismissed from this case.

## II.   **Defendant Fails**

As to Defendant Fails, the Court finds as follows. Defendant Fails answered, denying the allegations, and filed special reports and affidavits in support of his positions. (Doc. 39; Doc. 40; Doc. 40-9 (Aff. Fails)); Doc. 40-2 at 4 (duty log)). Included with Fails' report is the November 9, 2016 Incident report, November 9, 2016 Duty Officer Report, disciplinary records, medical records, and his affidavit. In his Affidavit, Fails asserts: "I was present when the CERT Teams reported to Holman... and entered B-Dorm. I was present during the time that the complaint list[s] as the time of the alleged incidents for assault and battery, or excessive force. At no time during the time I was in B-Dorm did I observe any members of the CERT Team assaulting any inmate, or use excessive force in my presence. Once the CERT team commanders entered the dorm, they oversaw the search of the dorm and I left the dorm and return [sic] to my Office." (Doc. 40-9 at 1 (Aff. Fails)). Fails also attests that "[a]t no time have I denied an inmate medical care[,]" and "[t]here is no truth to any of the allegations lodged against me...." (Id. at 2).

The Court previously found that the "uncontradicted evidence indicates that … Fails [was] … not present in the B-Dorm". (Doc. 178 at 22). **However, the Court was incorrect**. Fails asserts that he was present in B-Dorm. And, Carmichael asserts in response to summary judgment that his fellow inmate Byer saw Fails turn towards the C-Dorm and then go to B-dorm at the time

of the incident with Defendants Streeter and Baldwin, and that fellow inmate Johnson encountered Fails -- with Defendants Stewart, Mitchell and Baldwin -- standing in front of Central Control and that Fails then "lead the Cert Team down the hall towards the dorms." (Doc. 176 at 11-12; Doc. 176-2 (Aff. Byer); Doc. 176-3 (Aff. Johnson)). Accordingly, the Court **WITHDRAWS** the grant of summary judgment as to **Defendant Fails** on Carmichael's claims of excessive force, assault and battery, and failure to protect.[3]

III. **Defendant Edmonds**

The Court previously determined that Edmonds "assert[s] impossibility due to their physical presence....elsewhere _and_ based on their specific allegations that they did not use _any_ force on Carmichael." (Doc. 178 at 23). **The Court was incorrect**. Edmonds asserts that he was present in B-Dorm. (Doc. 84-6 (Aff. Edmonds)). Per Edmonds, he maintained his post and did not observe any abuse, assaults, or excessive force. However, absent from Edmonds' affidavit is any _specific_ assertion that he did not use any force against Carmichael or that he did not use any force at all.

Accordingly, the Court **WITHDRAWS** the grant of summary judgment as to **Defendant Edmonds** on Carmichael's claim of excessive force, assault and battery, and failure to protect.[4]

IV. **Conclusion**

Summary judgment is **GRANTED** as to Mixon as to all claim.

**DONE** and **ORDERED** this the **5th** day of **February 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**

---

[3] To the extent **Hails** was otherwise granted summary judgment (i.e. Slander and Harassment) in Doc. 178, that determination is not withdrawn. The claims of excessive force, assault and battery, and failure to protect remain under advisement.

[4] To the extent **Edmonds** was otherwise granted summary judgment (i.e. Slander and Harassment) in Doc. 178, that determination is not withdrawn. The claims of excessive force, assault and battery, and failure to protect remain under advisement.

**CHIEF UNITED STATES DISTRICT JUDGE**